UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCKESSON MEDICAL-SURGICAL MINNESOTA SUPPLY INC., a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>THRIVE SKILLED PEDIATRIC CARE, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.<br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff McKesson Medical-Surgical Minnesota Supply Inc. ("Plaintiff" or "McKesson"), by its undersigned counsel, as and for its Complaint, against Defendant Thrive Skilled Pediatric Case, LLC ("Defendant" or "Thrive"), alleges and states as follows:

### PARTIES

1. McKesson is a corporation duly organized and existing under the laws of the State of Minnesota with a principal place of business at 9954 Mayland Drive, Suite 4000, Richmond, Virginia 23233.

2. McKesson is informed and believes, and based thereon alleges, that Thrive was, at all times relevant herein, and is a Delaware limited liability company, with a principal place of business at 101 Edgewater Drive, Suite 110, Wakefield, Massachusetts 01880. Upon information and belief, each of Thrive's members are citizens of

1

COMPLAINT

Massachusetts. Thrive can be served through its registered agent for service, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801; or wherever it may be found.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds the sum value of $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant Thrive because Thrive has purposefully availed itself of the laws of this State and this Judicial District. Defendant Thrive is organized and existing under the laws of Delaware.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because Thrive is subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

**A. Thrive's Entry Into the Product Supply Agreement With McKesson**

6. McKesson is a leading wholesale distributor of medical-surgical products and equipment and the provision of related goods and services.

7. McKesson is informed and believes, and based thereon alleges, that Thrive both directly and through its locations provides pediatric in-home care to patients including providing medical-surgical products, equipment, and nutrition.

8. On or about July 1, 2020, the parties entered into the Product Supply Agreement wherein Thrive appointed McKesson as its prime distributor for itself and for Thrive's locations for SoftTouch Medical, LLC, Thrive DME-TX, LLC, and The Pediatric

Connection, Inc. (the "Product Supply Agreement"). The Product Supply Agreement contains confidential and proprietary information so that in the Product Supply Agreement, Thrive agreed to keep the terms of the Product Supply Agreement confidential.[1]

9. By virtue of the Product Supply Agreement, McKesson was the first choice supplier for the purchase of all products that Thrive and its locations would normally purchase through medical-surgical distributors.

10. Under the Product Supply Agreement, products were delivered to the Thrive locations or directly to the homes of the patients for whom Thrive was providing home care services and Thrive was to pay for such product within ninety (90) days from the date of invoice. Further, Thrive agreed to unconditionally guarantee the performance of all obligations of any location identified in the Product Supply Agreement.

11. Thrive agreed to be bound by Standard Terms and Conditions which included paying an interest charge of one and one-half percent (1.5%) per month on all past due balances.

12. Moreover, Thrive agreed to pay McKesson for all reasonable attorneys' fees and expenses or costs that McKesson incurs for enforcement of its rights to collect amounts owed by Thrive.

13. Furthermore, Thrive agreed that the Product Supply Agreement would be governed by and construed in accordance with the laws of the State of Minnesota.

---

[1] Due to the confidential information in the Product Supply Agreement a copy is not attached to the Complaint however a copy will be made available to Defendant upon its request.

**B.     Thrive Breached The Product Supply Agreement By Failing To Pay For The Products.**

14.     Between June 2021 to September 2023, McKesson and Thrive either directly or through its locations entered into a series of agreements evidenced by written invoices (each an "Invoice"; collectively, "Invoices"), whereby McKesson agreed to sell and Thrive and/or its locations agreed to purchase medical-surgical products (collectively, the "Products"). A true and correct copy of redacted exemplar Invoices are attached hereto as **Exhibit 1**.[2] A statement of Thrive's Account evidencing the Invoice numbers, dates, amounts due, due dates and services charges ("Statement of Account") is not attached due to its large size but McKesson agrees to provide a copy of the Statement of Account to Defendant directly on request.

15.     Between June 2021 to September 2023, McKesson shipped the Products to the locations or directly to patients' homes pursuant to the Invoices, which were received and accepted in good condition, without objection, and without timely rejection or revocation of acceptance. The Invoices, along with the Product Supply Agreement, are hereinafter collectively referred as the "Invoice Agreements."

16.     Thrive failed to pay the Invoices when due and is in breach of the terms of the Invoice Agreements. As a proximate result of Thrive's breach, McKesson has been damaged in an amount not less than $5,778,891.25.

---

[2] Confidential pricing information has been redacted from the exemplar Invoices. McKesson agrees to provide unredacted copies of the Invoices to Defendant directly on request.

4

COMPLAINT

17. Although McKesson has demanded payment, Thrive has failed and refused—and continues to fail and to refuse—to pay McKesson the amount due and owing on the Invoices.

18. There is now due, owing and unpaid to McKesson from Thrive the sum of $5,778,891.25, together with interest from the due date of each Invoice and other fees and charges pursuant to the terms of the Invoice Agreements, according to proof at time of trial or entry of judgment.

**C.    Conditions Precedent And Attorneys' Fees And Costs.**

19. All conditions precedent to the initiation of this lawsuit have occurred, been performed, or have been waived or excused.

20. McKesson performed all of the promises, conditions and covenants it agreed to perform pursuant to the terms of the Invoice Agreements, except for those promises, conditions and covenants excused by the acts and omissions of Defendant.

21. The Product Supply Agreement provides that Defendant agrees to pay all reasonable attorney fees and expenses or costs incurred by McKesson in enforcing its rights to collect amounts due therefrom. McKesson has retained the law firm of Buchalter, A Professional Corporation and The Powell Firm, LLC and is entitled to reasonable attorneys' fees and costs incurred in prosecuting this action.

## FIRST CLAIM FOR RELIEF

## BREACH OF WRITTEN CONTRACT

### (Against Defendant Thrive)

22. Plaintiff incorporates by reference all allegations contained in each preceding paragraph of the Complaint as if those allegations were fully set forth herein

23. On or about July 1, 2020, McKesson and Thrive entered into the Product Supply Agreement pursuant to which McKesson was appointed as Thrive's prime distributor and Thrive agreed to have McKesson be its first choice for the purchase of all products normally purchased through medical-surgical distributors pursuant to the terms of the Product Supply Agreement.

24. Between June 2021 and September 2023, McKesson and Thrive entered into a series of agreements evidenced by the Invoices whereby McKesson agreed to sell and Thrive agreed to purchase the Products identified in the Invoices.

25. Between June 2021 and September 2023, McKesson shipped the Products to the Thrive locations or directly to patients' homes pursuant to the Invoice Agreements.

26. The Products were received and accepted and delivered by McKesson in good condition, without objection and without timely rejection or revocation of acceptance.

27. Thrive breached the Invoice Agreements by failing to pay the Invoices for the Products when due.

28. As a proximate result of Thrive's breach, McKesson has been damaged in the amount of $5,778,891.25.

COMPLAINT

## SECOND CLAIM FOR RELIEF

## GOODS SOLD AND DELIVERED

### (Alternative Claim Against Defendant Thrive)

29. Plaintiff incorporates by reference all allegations contained in each preceding paragraph of the Complaint as if those allegations were fully set forth herein.

30. Defendant Thrive became indebted to Plaintiff for goods sold and delivered to Defendant Thrive, its locations, or its patients at said Defendant's or its locations' special request, and for which Defendant promised to pay $5,778,891.25.

31. The whole of the said sum has not been paid, despite Plaintiff's demand therefor and there is now due, owing and unpaid from Thrive to Plaintiff the sum of not less than $5,778,891.25, together with service charges and interest at the legal rate, according to proof at time of trial of entry of judgment.

## THIRD CLAIM FOR RELIEF

## REASONABLE VALUE

### (Alternative Claim Against Defendant Thrive)

32. Plaintiff incorporates by reference all allegations contained in each preceding paragraph of the Complaint as if those allegations were fully set forth herein.

33. Between June 2021 and September 2023, Plaintiff sold and delivered goods to Defendant Thrive, its locations, or its patients at said Defendant's or its locations' special request, the reasonable value of which said Defendant then and there agreed to pay to Plaintiff. At the time of the sale and delivery, the aggregate reasonable value of the Products was at least in the sum of $5,778,891.25.

34. Although demand for payment has been made, the whole of said sum has not been paid, and there is now due, owing and unpaid from Thrive to Plaintiff the sum of not less than $5,778,891.25, together with interest at the legal rate, according to proof at time of trial or entry of judgment.

## FOURTH CLAIM FOR RELIEF

### MONEY DUE

**(Alternative Claim Against Defendant Thrive)**

35. Plaintiff incorporates by reference all allegations contained in each preceding paragraph of the Complaint as if those allegations were fully set forth herein.

36. Between June 2021 and September 2023, Defendant Thrive became indebted to Plaintiff in the sum of at least $5,778,891.25 for goods sold and delivered to said Defendant, its locations or its patients' homes for the benefit of said Defendant by Plaintiff at said Defendant's or its locations' request.

37. No part of said sum has been paid, although payment has been demanded, and there is now due, owing and unpaid to Plaintiff from said Defendant the sum of $5,778,891.25, plus interest at the legal rate according to proof at time of trial or entry of judgment.

## FIFTH CLAIM FOR RELIEF

### UNJUST ENRICHMENT

**(Alternative Claim Against Defendant Thrive)**

38. Plaintiff incorporates by reference all allegations contained in each preceding paragraph of the Complaint as if those allegations were fully set forth herein.

39. This is a count for unjust enrichment.

40. Defendant has been unjustly enriched at Plaintiff's expense.

41. Defendant has been unjustly enriched because Plaintiff sold and delivered to Defendant, its locations, or its patients at said Defendant's or its locations' special request certain Products as shown in the Invoices and Defendant agreed to pay therefore the sum of $5,778,891.25.

42. Defendant knew consideration was being furnished and expenses were being incurred on its behalf by Plaintiff. Defendant also knew such consideration was being furnished and such expenses were being incurred by Plaintiff with the expectation of payment therefore.

43. Defendant had knowledge of, accepted, and retained the benefit of the Products in the sum of $5,778,891.25.

44. Defendant's action, in retaining those certain Products as shown in the Invoices without payment to Plaintiff constitutes an unjust enrichment to the Defendant which has accrued to the detriment of the Plaintiff.

45. As a direct and proximate result of Defendant's wrongful acts and omissions as described herein, Plaintiff has been damaged in an amount to be determined at trial, but in no case less than $5,778,891.25, plus accrued interest from the date of default.

46. There is no justification for this enrichment and impoverishment, and it is unjust for the law to permit such an enrichment.

47. Should Plaintiff fail to prevail on its other claims for relief, there will be no other remedy at law to redress this unjust enrichment.

48. Plaintiff is therefore entitled to recover from Defendant the principal amount of $5,778,891.25, plus interest accruing at the legal rate until paid in full.

## SIXTH CLAIM FOR RELIEF

### ACCOUNT STATED

### (Alternative Claim Against Defendant Thrive)

49. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 21, inclusive, of the Complaint as if those allegations were set forth herein, with the exception of any allegation as to the existence of a contract between Thrive and McKesson.

50. Between June 2021 and September 2023, an account was stated in writing by and between Plaintiff and Defendant Thrive wherein it was agreed that said Defendant was indebted to Plaintiff in the sum of at least $5,778,891.25 for goods sold and delivered at said Defendant's or its locations' special insistence and request.

51. McKesson rendered a Statement of Account to Thrive and Thrive did not object to the statement.

52. The whole of the above sum has not been paid, although demand therefor has been made. There is now due, owing and unpaid to Plaintiff from Thrive the sum of not less than $5,778,891.25, together with interest from the due date for each Invoice at the legal rate according to proof at time of trial or entry of judgment.

## SEVENTH CLAIM FOR RELIEF

## QUANTUM MERUIT

### (Alternative Claim Against Defendant Thrive)

53. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 21 above, as if those allegations were set forth herein, with the exception of any allegation as to the existence of a contract between Thrive and McKesson.

54. Between June 2021 and September 2023, McKesson conferred a benefit on Thrive by delivering the Products to the Thrive locations or directly to the homes of Thrive's patients.

55. Thrive knew that McKesson conferred a benefit on Thrive by delivering the Products.

56. In fact, delivery of McKesson's Products were accepted without objection, and without revocation of acceptance. Further, on information and belief, the Products delivered by McKesson were used in Thrive's or its locations' continuing business.

57. Under these circumstances, it would be inequitable and unfair if Thrive was not required to pay the fair and reasonable value for the Products, which at the time of sale was at least $5,778,891.25.

58. The total reasonable value of the wrongfully retained Products is not less than $5,778,891.25, which reflects the amounts charged by McKesson for the Products that Thrive or its locations retained without making payment.

## PRAYER FOR RELIEF

WHEREFORE, McKesson prays for judgment against Defendants as follows:

On the First Claim for Relief:

1. For the sum of $5,778,891.25, together with interest and other fees and charges pursuant to the Invoice Agreements, according to proof at time of trial or entry of judgment;

2. For reasonable attorneys' fees and expenses;

On the Second, Third, Fourth, Fifth, Sixth and Seventh Claims for Relief:

3. For the sum of $5,778,891.25, together with interest at the legal rate according to proof at time of trial or entry of judgment;

On All Claims for Relief:

4. For costs of suit herein incurred; and

5. For such other and further legal and equitable relief, including pre-judgment and post-judgment interest, as the Court may deem just and proper.

DATED: February 9, 2024            Respectfully submitted,

**THE POWELL FIRM, LLC**

By: /s/ Jason C. Powell
Jason C. Powell *(Del. Bar No. 3768)*
1813 N. Franklin Street
P.O. Box 289
Wilmington, DE 19899
Telephone: (302) 650-1572
Facsimile: (302) 650-1574
JPowell@delawarefirm.com

*And*

COMPLAINT

**BUCHALTER**
A Professional Corporation
Douglas P. Farr*
60 E. South Temple Street, Suite 1200
Salt Lake City, Utah 84111-1004
Telephone: 801.401.8688
Email: dfarr@buchalter.com

Joanne N. Davies*
1420 5th Avenue, Suite 3100
Seattle, WA 98101
Telephone: 949.224.6221
Email: jdavies@buchalter.com

*Pro hac vice Forthcoming*

Counsel for Plaintiff
McKesson Medical-Surgical Minnesota Supply Inc.

13

COMPLAINT