IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MCKESSON MEDICAL-SURGICAL MINNESOTA SUPPLY INC., a Minnesota corporation, | ) | **Redacted - Public Version** |
| Plaintiff, | ) | C.A. No. 24-172-MN |
| v. | ) | [redacted] |
| THRIVE SKILLED PEDIATRIC CARE, LLC, a Delaware limited liability company, | ) | |
| Defendant. | ) | |

**DEFENDANT THRIVE SKILLED PEDIATRIC CARE, LLC'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Lindsey M. Gellar (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Defendant Thrive Skilled Pediatric Care*

Dated: April 4, 2024

**TABLE OF CONTENTS**


I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

II. SUMMARY OF ARGUMENT ........................................................................1

III. STATEMENT OF FACTS ........................................................................2

IV. ARGUMENT ........................................................................3

A. Plaintiff's Cause of Action for "Account Stated" Fails to State a Claim ................3

B. Plaintiff's Cause of Action for "Reasonable Value" Fails to State a Claim ...........4

C. Plaintiff's Cause of Action for "Money Due" Fails to State a Claim .....................5

V. CONCLUSION ........................................................................6

**TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*HomeStar Prop. Sols, LLC v. Safeguard Props., LLC*,
370 F. Supp. 3d 1020 (D. Minn. 2019) ........ 4

*In re Mount 2012 Irrevocable Dynasty Tr. U/A/D December 5, 2012*, C.A. No. 12892-VCS,
2017 Del. Ch. LEXIS 295 (Del. Ch. Sept. 7, 2017) ........ 5

*Outbox Sys. v. Trimble Inc.*, C.A. No. N21C-11-123,
2022 Del. Super. LEXIS 344 (Del. Super. Ct. Aug. 24, 2022) ........ 3

*Rust Consulting, Inc. v. Schneider Wallace Cottrell Konecky Wotkyns, LLP*,
C.A. No. 17-4981(DSD/TNL), 2019 U.S. Dist. LEXIS 127293 (D. Minn. July 31, 2019) ........ 4

*Sparebank 1 SR-Bank ASA v. Wilhelm Maass GmbH*, C.A. No. N19C-02-025 WCC,
2019 Del. Super. LEXIS 568 (Del. Super. Ct. Nov. 5, 2019) ........ 3

*Trust-ED Sols. v. Gilbert LLP*, C.A. No. N20C-06-229 MMJ CCLD,
2022 Del. Super. LEXIS 1370 (Del. Super. Ct. Oct. 18, 2022) ........ 3

*Voterlabs, Inc. v. Ethos Grp. Consulting Servs., LLC*, C.A. No. 19-524-MAK,
2021 U.S. Dist. LEXIS 145787 (D. Del. Aug. 4, 2021) ........ 5

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ........ 1

## I. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff McKesson Medical-Surgical Minnesota Supply Inc. ("Plaintiff") filed a complaint on February 9, 2024 asserting claims for "breach of written contract," "goods sold and delivered," "reasonable value," "money due," "unjust enrichment," "account stated," and "quantum meruit" related to the alleged sale of certain products to Thrive Skilled Pediatric Care, LLC ("Defendant"). Defendant moves to dismiss Plaintiff's causes of action for "reasonable value," "money due," and "account stated" under Federal Rule of Civil Procedure 12(b)(6) because those claims fail to state a claim upon which relief can be granted.

## II. SUMMARY OF ARGUMENT

1. The contract at issue includes a choice of law provision stating that the agreement will be governed by the laws of the State of Minnesota. Plaintiff does not state whether it brings its other claims under the laws of Delaware or Minnesota.

2. Plaintiff's cause of action for account stated fails to state a claim under Delaware law because Plaintiff fails to allege an "express" agreement to pay a statement of account, and instead alleges that Defendant failed to respond to a statement of account. A failure to respond is insufficient to support an account stated claim under Delaware law.

3. Plaintiff's cause of action for account stated likewise fails to state a claim under Minnesota law. Minnesota law only applies if the choice of law provisions of the underlying contract applies. But Minnesota does not recognize a claim for account stated if the underlying contract applies.

4. Plaintiff's causes of action for "reasonable value" and "money due" are not recognized under either Delaware or Minnesota law.

5. Because Plaintiff cannot state a claim for account stated under either Delaware or Minnesota law, and because "reasonable value" and "money due" are not cognizable claims in

either state, Defendant respectfully requests that the Court dismiss those causes of action for failure to state a claim upon which relief can be granted.

## III. STATEMENT OF FACTS

Plaintiff alleges that Defendant breached a product supply agreement relating to the distribution of products sold by Plaintiff. D.I. 1 ¶¶ 8-10, 23-28. In its complaint, Plaintiff asserts seven causes of action, including "breach of written contract," "good sold and delivered," "reasonable value," "money due," "unjust enrichment," "account stated," and "quantum meruit." *See id.* ¶¶ 22-58.

The complaint does not identify what state law applies or attach the contract at issue. [redacted] The complaint alleges that Plaintiff is a Minnesota corporation with a principal place of business in Richmond, Virginia. D.I. 1 ¶ 1. It further alleges that Thrive is a Delaware entity with a principal place of business in Wakefield, Massachusetts, and attaches exemplar invoices purporting to show deliveries to Georgia, North Carolina, and Virginia. D.I. 1, Ex. 1 at PageID 19-20, 29.

## IV. ARGUMENT

### A. Plaintiff's Cause of Action for "Account Stated" Fails to State a Claim

Delaware courts hold "account stated" claims to strict requirements:

> Account stated claims generally are disfavored in Delaware 'Delaware state courts have defined the requirements of an account stated as follows: "(1) an account existed between the parties; (2) the defendant stated or admitted to owing a specific sum on the account to the plaintiff; and (3) the defendant made this admission after the original account or debt was created."' A specific sum on the account means 'that an exact and definite balance [was] struck as to which both the creditor and debtor assent[ed].' To survive a motion to dismiss, an account stated claim must establish 'that the purported account debtor expressly agreed to pay a certain sum at issue.'

*Trust-ED Sols. v. Gilbert LLP*, C.A. No. N20C-06-229 MMJ CCLD, 2022 Del. Super. LEXIS 1370, at *21-22 (Del. Super. Ct. Oct. 18, 2022) (alterations in original) (citations omitted). Here, Plaintiff's complaint fails to state a claim for account stated because it never plausibly establishes or even alleges that Defendant "expressly agreed" to pay any sum. Instead, the complaint asserts that "McKesson rendered a Statement of Account to Thrive and Thrive did not object to the statement," and that "Thrive has . . . refused—and continues . . . to refuse—to pay McKesson the amount due." D.I. 1 ¶¶ 17, 51. The failure to object to is not an "express[]" agreement sufficient to state a cause of action for account stated under Delaware law, and as such, this claim should be dismissed. *Trust-ED Sols.*, 2022 Del. Super. LEXIS 1370, at *22; *Outbox Sys. v. Trimble Inc.*, C.A. No. N21C-11-123, 2022 Del. Super. LEXIS 344, at *19-20 (Del. Super. Ct. Aug. 24, 2022) ("Delaware law requires an express agreement to the incurred debt between the parties for an account stated claim to survive and prevail. . . . Failure to object to contract-borne invoices 'within a reasonable time' isn't enough."); *Sparebank 1 SR-Bank ASA v. Wilhelm Maass GmbH*, C.A. No. N19C-02-025 WCC, 2019 Del. Super. LEXIS 568, at *18 (Del. Super. Ct. Nov. 5, 2019) (dismissing account stated claim where "the Complaint makes no allegations that [the defendant] stated or admitted to owing a specific sum on the account").

To the extent Plaintiff argues that its cause of action for account stated should be governed by Minnesota law, that claim also fails. Plaintiff's account stated cause of action would only be governed by Minnesota law if the contract's choice of law provision applies. But a cause of action for account stated is unavailable under Minnesota law if the underlying contract applies. *Rust Consulting, Inc. v. Schneider Wallace Cottrell Konecky Wotkyns, LLP*, C.A. No. 17-4981(DSD/TNL), 2019 U.S. Dist. LEXIS 127293, at *9 (D. Minn. July 31, 2019) (dismissing account stated claim "[b]ecause there is an express contract between the parties"); *HomeStar Prop. Sols, LLC v. Safeguard Props., LLC*, 370 F. Supp. 3d 1020, 1030 (D. Minn. 2019) ("[B]ecause an account stated claim is merely 'an alternative means of establishing liability for a debt other than a contract claim,' Minnesota courts have barred an account stated claim when . . . a written contract governs the disputed account.") (citations omitted).

As such, Plaintiff cannot state a valid account stated claim under either Delaware or Minnesota law. Defendant respectfully requests that the Court dismiss Plaintiff's cause of action for account stated for failing to plead a claim upon which relief can be granted.

**B. Plaintiff's Cause of Action for "Reasonable Value" Fails to State a Claim**

The complaint purports to state a cause of action for "reasonable value," but no claim by that name is recognized under the laws of Delaware or Minnesota. D.I. 1 ¶¶ 32-34. As pled, Plaintiff's cause of action for "reasonable value" appears to allege that Plaintiff's alleged sale and delivery of goods to "Defendant Thrive, its locations, or its patients at said Defendant's or its locations' special request" necessarily entails that "Defendant then and there agreed to pay to Plaintiff" the "reasonable value" of the goods. *Id.* ¶ 33. Plaintiff distinguishes its "reasonable value" cause of action from its separate cause of action for breach of contract, and from its cause of action for quantum meruit, which likewise seeks to recover the "total reasonable value" of the products. *Id.* ¶¶ 22-28, 53-58. To the extent Plaintiff intended its "reasonable value" cause of

action to be a breach of contract or quantum meruit claim, it should have been pled as such. To the extent it relies on a basis other than breach of contract or quantum meruit, it is unsupported under the laws of Delaware and Minnesota. *See Voterlabs, Inc. v. Ethos Grp. Consulting Servs., LLC*, C.A. No. 19-524-MAK, 2021 U.S. Dist. LEXIS 145787, at *38 (D. Del. Aug. 4, 2021) (dismissing "malicious breach" claim, which does not exist in the law, and analogizing to a case where plaintiff "asserted many theories of liability but ultimately alleged only a straightforward breach of contract"). Thus, as pled, Plaintiff's cause of action for "reasonable value" fails to state a claim upon which relief can be granted.

**C. Plaintiff's Cause of Action for "Money Due" Fails to State a Claim**

The complaint likewise purports to state a claim for "money due," but no claim by that name is recognized under the laws of Delaware or Minnesota. Plaintiff's "money due" claim appears to be a restatement of its claim for breach of contract, founded on the same facts but applying a standard other than breach of contract. *See* D.I. 1 ¶ 36 (alleging that Defendant "became indebted to Plaintiff in the sum of at least $5,778,891.25" for the money due claim); *id.* ¶ 28 (alleging $5,778,891.25 in damages in the breach of contract claim). Defendant respectfully requests that the Court dismiss Plaintiff's cause of action for "money damages" because no such independent cause of action exists under Delaware or Minnesota law. *See In re Mount 2012 Irrevocable Dynasty Tr. U/A/D December 5, 2012*, C.A. No. 12892-VCS, 2017 Del. Ch. LEXIS 295, at *14 (Del. Ch. Sept. 7, 2017) (dismissing a second contract-related claim "for the simple reason that the claim, as styled, does not exist in our law"). Plaintiff's other claims provide a complete remedy for any purported wrong, including Plaintiff's claims for breach of contract, goods sold and delivered, quantum meruit, and unjust enrichment. Defendant should not be forced to proceed through discovery on a further claim for the same relief but with unknown elements.

## V. CONCLUSION

For the above reasons, Thrive Skilled Pediatric Care, LLC respectfully requests that the Court dismiss Plaintiff's causes of action for account stated, reasonable value, and money due.

Respectfully submitted,

*/s/ Lindsey M. Gellar*

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Lindsey M. Gellar (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Defendant Thrive Skilled Pediatric Care*

Dated: April 4, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2024, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Jason C. Powell
THE POWELL FIRM, LLC
405 N. King Street, Suite 440
P.O. Box 289
Wilmington, DE 19899
(302) 650-1572
jpowell@delawarefirm.com

Joanne N. Davies
BUCHALTER, A PROFESSIONAL CORPORATION
Fifth Avenue, Suite 3100
Seattle, WA 98101
(949) 224-6221
jdavies@buchalter.com

*/s/ Lindsey M. Gellar*
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Lindsey M. Gellar (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Defendant Thrive Skilled Pediatric Care*

# Exhibit A
# Redacted in its Entirety